United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO G CARRANZA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 5:16-cv-06464-EJD<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 13, 20 |

Eduardo G. Carranza and Helen V. Carranza, as trustees for The Tagart Drive Trust (collectively, "Plaintiffs"), filed this action asserting five causes of action under California law for (1) wrongful foreclosure, (2) quiet title, (3) violation of California Business and Professions Code § 17200 *et seq.*, (4) unjust enrichment, and (5) an accounting against Wells Fargo Bank, N.A. ("Wells Fargo"), Clear Recon Corporation ("Clear Recon"), and The Bank of New York Mellon ("BNYM") as Trustee for the World Savings Remic Trust, Mortgage Pass-Through Certificates, Series 15 ("WSR 15 Trust") (collectively, "Defendants"). Plaintiffs initially brought this case in Santa Clara Superior Court, and Defendants removed the action to federal court pursuant to 28 U.S.C, sections 1332 and 1441(b). See Notice of Removal at 2, Dkt. No. 1.

Presently before the court are two motions, a Motion to Remand filed by Plaintiffs and a Motion to Dismiss filed by Defendants. See Dkt Nos. 20 ("Remand Mot."), 13 ("MTD"). Having carefully reviewed the relevant documents, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b). Accordingly, the hearing scheduled for May

18, 2017 is hereby VACATED and the court will grant Plaintiffs' Motion to Remand and deny Defendants' Motion to Dismiss without prejudice for the reasons explained below.

## I. RELEVANT BACKGROUND

On December 26, 2003, Plaintiffs executed a Deed of Trust and Adjustable Rate Note "Pick-A-Payment Loan" in the amount of $420,000.00 in order to purchase certain real property located at 2706 Tagart Drive, San Jose, California (the "Subject Property"). Compl. ¶¶ 1, 7, Dkt. No. 1-1. The original lender and loan servicer was World Savings Bank, FSB ("World Savings") and the trustee was Golden West Savings Association Service Company ("Golden Service Co."). Id. ¶ 7. Plaintiffs' loan was then sold to the WSR 15 Trust on or before April 7, 2004. Id. ¶ 11. BNYM serves as trustee for the WSR 15 Trust. Id. ¶ 4.

Golden West Financial Corporation ("Golden Financial Corp.") was the parent company of World Savings and Golden Service Co. Id. ¶ 8. In May 2007, Wachovia Bank ("Wachovia") acquired Golden Financial, including its subsidiary World Savings. Id. The "integration process" was complete by mid- 2008, and Wachovia Mortgage then became the servicer of Plaintiffs' mortgage loan. Id. ¶¶ 8-9. Shortly thereafter, Wells Fargo acquired Wachovia, and Wells Fargo Home Mortgage – a division of Wells Fargo – became the servicer of Plaintiffs' loan. Id. ¶¶ 8, 10. Plaintiffs allege that their loan "was not among the assets acquired by Wells Fargo in 2008 when acquisition of Wachovia was completed." Id. ¶ 13.

Clear Recon is a California corporation that provides default services to mortgage servicers. Id. ¶ 3. On May 25, 2016, "Wells Fargo recorded a Substitution of Trustee purporting to substitute Clear Recon as the trustee under Plaintiffs' deed of trust." Id. ¶ 22. However, Plaintiffs contend that Wells Fargo was an "invalid beneficiary without the power to substitute a trustee under Plaintiff's Deed of Trust," and as a result, Defendants violated "Section 2934 of the non-judicial foreclosure statute" in doing so. Id. Moreover, Plaintiffs allege that on May 23, 2016, before having been substituted as trustee, Clear Recon executed a Notice of Default against the Plaintiffs on behalf of Wells Fargo, "falsely holding itself out as the beneficiary under

2

Case No.: 5:16-cv-06464-EJD
ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS

Plaintiff's Deed of Trust." Id. ¶ 23. The Notice of Default was recorded on May 25, 2016. Id.

On October 6, 2016, Plaintiff initiated this action in Santa Clara Superior Court, asserting claims for wrongful foreclosure, quiet title, violation of the California Business & Professions Code section 17200 *et seq.*, and unjust enrichment against the Defendants. Plaintiffs also seek "an accounting" in order to determine the amount of reimbursement owed to them, and request that the court permanently enjoin all Defendants "from initiating and pursuing foreclosure activity against the Plaintiffs relating to the Subject Property." Id. at 15 ¶¶ 64-66; at 16 ¶ 1. Wells Fargo removed the case to federal court on November 4, 2016, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs now seek to remand this case to Superior Court, arguing that the parties are not actually diverse because both Plaintiff and Clear Recon are citizens of California. Remand Mot. at 2-3, ¶ 5. Also before the court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7). MTD at 2.

## II. LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. DISCUSSION

Plaintiffs argue that remand is appropriate because both Plaintiffs and Clear Recon are citizens of California, and therefore this court lacks jurisdiction. These facts are evident from the face of the Complaint and are undisputed by Defendants in the Notice of Removal. Since California parties appear on both sides of the action, this case was not presumptively removable. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."); see also Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) ("When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action was removed to federal court ... and should generally be determined from the face of the complaint."). However, Defendants argue that Clear Recon "is a fraudulently joined, nominal party…with absolutely no financial interest in the Property and against which no affirmative relief is being sought." Notice of Removal at 5. Consequently, Defendants maintain that Clear Recon's citizenship must be disregarded in determining whether the court has subject matter jurisdiction over this action.

### A. Nominal Party

"Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Wise v. Suntrust Mortg., Inc., No. 11-CV-01360-LHK, 2011 WL 1466153, at *4 (N.D. Cal. 2011) (quoting Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002)). "A defendant is a nominal party

4

Case No.: 5:16-cv-06464-EJD
ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS

United States District Court
Northern District of California

where his role is limited to that of a stakeholder." Hewitt v. Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986). A nominal defendant is a person or entity that simply "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998). "The paradigmatic nominal defendant is 'a trustee, agent, or depositary ... [that is] joined purely as a means of facilitating collection." Id. (citing S.E.C. v. Cherif, 933 F.2d 403 (7th Cir. 1991)). Because the nominal defendant has no legitimate claim to the disputed property, it is not a real party in interest. Id.

Pursuant to California Civil Code § 2924*l*, a trustee may declare non-monetary status if it "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ.Code § 2929*l* (a). If there is no objection to the declaration within 15 days of filing, the trustee gains non-monetary status and may be considered a nominal defendant whose citizenship does not count for diversity jurisdiction purposes. Id. § 2929*l* (d); see Jenkins v. Bank of Am., N.A., 2015 WL 331114, at *6 (C.D. Cal. 2015) ("District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes") (citing Silva v. Wells Fargo Bank NA, 2011 WL 2437514, at *4 (C.D. Cal. 2011)). However, "a party filing a declaration of non-monetary status does not become a nominal party until fifteen days have passed without objection by plaintiffs." Jenkins, 2015 WL 331114 at *7. Moreover, "courts refuse to ignore the nominal party's citizenship for purposes of diversity jurisdiction when the case is removed to federal court before the fifteen-day objection period has expired." Id.

Here, Defendants contend that Clear Recon is a nominal party to this action that merely replaced Golden Service Co. as the trustee for the Deed of Trust. Notice of Removal at 5. Defendants assert that Clear Recon "has no financial interest in the Property and its only involvement was with the foreclosure proceedings, which was strictly within its ministerial role as

5

Case No.: 5:16-cv-06464-EJD
ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS

the substituted trustee under the Deed of Trust to effectuate a non-judicial foreclosure action." Id. However, Plaintiffs respond that Clear Recon never filed a "Declaration of Non–Monetary Status" prior to removal, and therefore cannot be considered a nominal party by this court. Plaintiffs further contend that even if Defendants had filed such a declaration in state court, Plaintiffs would have objected. Remand Mot. at 5. Finally, because section 2924*l* is a state procedural rule – not state substantive law – nonmonetary status may not be granted in federal court.

Defendants do not address the failure to file a declaration of non-monetary status on behalf of Clear Recon in their Opposition to the Remand Motion. See Dkt. No. 23. Accordingly, further discussion of the effect of such a filing is unnecessary, as the court concludes that Defendants have failed to satisfy their burden to prove Clear Recon's nominal party status. Moreover, as discussed more fully in the following section, the allegations in the Complaint are sufficient to preclude a finding that Clear Recon should be disregarded from the jurisdictional analysis.

### B. Fraudulent Joinder

Under the "fraudulent joinder" doctrine, a defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (explaining that for the purposes of proving fraudulent joinder, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Under such circumstances, the "fraudulently-joined" defendant is disregarded for jurisdictional purposes. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (holding that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)).

6

Case No.: 5:16-cv-06464-EJD
ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS

However, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nasrawi v. Buck Consultants, LLC, 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011). Fraudulent joinder "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." Calero v. Unisys Corp., 271 F.Supp.2d 1172, 1176 (N.D. Cal. 2003). If after doing so "there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quoting Burris v. AT & T Wireless, Inc., 2006 WL 2038040 (N.D. Cal. Jul. 19, 2006)).

Here, Wells Fargo argues that Clear Recon is a "sham" defendant because all of the actions it allegedly undertook as a with respect to the Subject Property were "related to the foreclosure filings and trustee's sale," and are therefore privileged. Def. Opp. to Remand Mot. ("Opp.") at 1. A trustee may be entitled to such a privilege to the extent its conduct arises from California's non-judicial foreclosure statutes. See Cal. Code Civ. Proc. 2924(b) ("[T]he trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage."); see also Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (2008) ("[S]ection 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common interest privilege of section 47, subdivision (c)(1).").

However, the privilege attributable to foreclosure trustees is qualified, protecting only those "communications made 'without malice, to a person interested therein, ... by one who is also

7

Case No.: 5:16-cv-06464-EJD
ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS

interested....' " Kachlon, 168 Cal. App. 4th at 336 (citing Cal. Civ.Code § 47(c)(1)). In this context, malice may be established by "a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.'" Id. (quoting Sanborn v. Chronicle Pub. Co., 18 Cal.3d 406, 413 (1976)).

Because the burden shifts to the removing party on a motion to remand, Defendants must show by clear and convincing evidence that Plaintiffs have not, and cannot, allege any claim against Clear Recon. Defendants have not done so. Plaintiff asserts two causes of action against Clear Recon specifically, including claim one for wrongful foreclosure, and claim three for violation of the California Business & Professions Code section 17200 *et seq*. Taken collectively, Plaintiffs' factual allegations suggest that Clear Recon may have been an active participant in the allegedly fraudulent foreclosure proceedings against the Subject Property. For example, with respect to the wrongful foreclosure claim, Plaintiffs allege that "Defendants BNYM and Wells Fargo caused Clear Recon, their agent, to breach its duty of care to Plaintiffs by directing Clear Recon to initiate foreclosure proceedings against Plaintiffs based on the fraudulent and void foreclosure documents filed by Clear Recon at the behest of its principal … that also violate the requirements of California's non-judicial foreclosure statute." Compl. ¶ 38. Plaintiffs argue that "among the most egregious violations of the non-judicial foreclosure statute … was the Notice of Default," which Clear Recon executed on behalf of Wells Fargo despite the fact that Wells Fargo was not a valid beneficiary. Id. ¶ 39; Remand Mot. at 7. Consequently, Plaintiffs contend that by "initiating and pursuing illegal and fraudulent foreclosure" Defendants, including Clear Recon, "acted with willful oppressiveness and malice toward the Plaintiffs." Id. ¶ 40.

In addition to the wrongful foreclosure claim, Plaintiffs allege that Defendants, including Clear Recon, engaged and are engaging in deceptive business practiced in violation of the California Business & Professions Code, including: (1) "Executing documents without the legal authority to do so (Wells Fargo and Clear Recon);" (2) "Acting as beneficiaries and trustees without the legal authority to do so (Wells Fargo and BNYM (purported beneficiaries) and Clear

8

Case No.: 5:16-cv-06464-EJD
ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS

Recon (trustee);" (3) Failing to comply with California Civil Code §§ 1708 and 1709 (Wells Fargo and Clear Recon);" and (4) "Violating provisions of the non-judicial foreclosure statute set forth at California Civil Code §§ 2924(a)(1), 2924(a)(1)(C), 2924(a)(6) and 2934a (Wells Fargo and Clear Recon)." Id. ¶ 52

Based on the foregoing, the court concludes that there is "a non-fanciful possibility" that Plaintiffs could allege Clear Recon acted with malice or reckless disregard for their rights sufficient to overcome any qualified privilege, and it would therefore be improper to disregard Clear Recon's citizenship here. See Macey, 220 F. Supp. 2d at 1118. Because Clear Recon is a non-diverse defendant, the court must remand this action for lack of subject matter jurisdiction. See id.

### C. Plaintiff's Request for Attorneys' Fees

Finally, Plaintiff also requests that the court award attorneys' fees and costs associated with the preparation of the Motion to Remand pursuant to 28 U.S.C. section 1447(c) on the grounds that Defendants' removal of the action to this court was "clearly improper." Remand Mot. at 9.

The standard for awarding attorneys' fees on a motion to remand turns on the "reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Supreme Court has instructed that attorneys' fees on a remand motion should be awarded only in "unusual circumstances." Id. "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

The court does not find that an award of attorneys' fees would be appropriate here. Notwithstanding the court's decision to remand the case, Wells Fargo's basis for removal was grounded in a rational legal theory and was not objectively unreasonable under the circumstances presented by the case. There is also no evidence of "unusual circumstances" otherwise warranting such an award. Plaintiffs' request for attorneys' fees and costs is therefore DENIED.

9

Case No.: 5:16-cv-06464-EJD
ORDER GRANTING MOTION TO REMAND; DENYING WITHOUT PREJUDICE MOTION TO DISMISS

## IV. ORDER

Based on the foregoing, Plaintiffs' Motion to Remand (Dkt. No. 20) is GRANTED, and Defendants' Motion to Dismiss (Dkt. No. 13) is DENIED WITHOUT PREJUDICE. Plaintiffs' request for attorneys' fees in connection with the remand motion is DENIED.

The Clerk shall remand this action to Superior Court of California for the County of Santa Clara and close this file.

**IT IS SO ORDERED.**

Dated: May 12, 2017

EDWARD J. DAVILA
United States District Judge